UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-9993 PVC                               Date: March 27, 2026

Title      Brian Seung Ban v. Universal Studios LLC, et al.

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|              Marlene Ramirez              |              None              |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| :---: | :---: |
| None | None |

**PROCEEDINGS:  [IN CHAMBERS] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT, NORTH CENTRAL DISTRICT (Dkt. No. 27)**

Background

Pending before this Court is Plaintiff Brian Seung Ban's unopposed Motion to Remand Case to Los Angeles Superior Court, North Central District. ("Motion," Dkt. No. 27). For the reasons stated below, the Court GRANTS the Motion.

Plaintiff alleges that he was injured after being hit by wheeled bins operated by an unknown worker at Universal CityWalk. (*See* Dkt. No. 1-4 at 10–16; "FAC," Dkt. No. 22 at 4–11). Plaintiff initiated this lawsuit in Los Angeles Superior Court on July 16, 2025, and brought general negligence and premises liability claims against Defendants Universal Studios LLC, Universal Studios Company LLC, Universal City Studios LLC, NBCUniversal LLC, Comcast Corporation and 100 Doe defendants. (Dkt. No. 1-4 at 8). Defendants Universal Studios Company LLC and Universal City Studios LLC ("Universal Defendants") removed the action to the U.S. District Court for the Central District of California on October 17, 2025, invoking diversity jurisdiction. (Dkt. No. 1). Universal Defendants identified Plaintiff as a citizen of California and themselves and

CV-90 (03/15)                    Civil Minutes – General                    Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 25-9993 PVC                          Date: March 27, 2026

Title        Brian Seung Ban v. Universal Studios LLC, et al.

other nonserved Defendants as citizens of either Delaware or Pennsylvania.  (Dkt. No. 1-3 at 3–6 (Eitingon Decl.)).

Plaintiff filed a First Amended Complaint with the permission of the Court on January 12, 2026.  (FAC).  The amended pleading identified a new defendant: Servicon Systems, Inc. as doing business in California.  (*Id.*).  Plaintiff served its First Amended Complaint on Defendant Servicon.  (Dkt. No. 26).

On the same day, Plaintiff filed this Motion.  Defendant Servicon answered the First Amended Complaint on February 23, 2026.  (Dkt. No. 28).  No Defendant has filed an opposition to the Motion.  The Court took the Motion under submission without oral argument on March 5, 2026.  (Dkt. No. 31).

Relevant Law and Analysis

Where a party fails to oppose a motion, the court may interpret such nonaction as "consent to the granting . . . of the motion."  L.R. 7-12.

As relevant here, a federal court may exercise jurisdiction over a case presenting state law claims where (1) the amount in controversy is greater than $75,000 and (2) it is between citizens of different states.  28 U.S.C. § 1332(a).  An individual is a citizen of the state in which they are domiciled.  *Walters v. U.S. Bank, N.A.*, 203 F. Supp. 3d 1055, 1057 (C.D. Cal. 2016).  A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The diversity requirement means "that each plaintiff must be of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  If those prerequisites are met, a defendant may remove the case to federal court.  *See* 28 U.S.C. § 1441(b).  Later, a plaintiff may seek "to join additional defendants whose joinder would destroy subject matter jurisdiction," at which point "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

A court's decision to allow joinder of a nondiverse defendant is a discretionary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-9993 PVC                                          Date: March 27, 2026

Title      Brian Seung Ban v. Universal Studios LLC, et al.

one.  *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).  Once a nondiverse defendant is joined, though, "remand bec[omes] mandatory."  *Id.*  Joinder is inappropriate if "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548 (citation omitted).

The Court has received no opposition from any Defendant, which the Court under Local Rule 7-12 interprets as consent to Plaintiff's Motion.  Still, the Court addresses the merits of the Motion briefly.

No allegations of fraudulent joinder exist here, and Plaintiff's First Amended Complaint states a claim against Defendant Servicon, a nondiverse party.  Defendant Servicon is a California corporation with a principal place of business in California. (Motion at 7 (Azizi Decl.)).  Plaintiff is also presumably a citizen of California.  Plaintiff learned of Defendant Servicon's identity during meet and confer efforts with the Universal Defendants.  (*Id.*).  Plaintiff learned that Defendant Servicon was the janitorial company for which the worker operating the bins that injured Plaintiff worked.  (*Id.*). Because Defendant's employee or agent is alleged to have been directly involved in the alleged tortious actions giving rise to this case, Defendant Servicon should be joined.

Defendant Servicon and Plaintiff are citizens of the same state, meaning this Court can no longer exercise jurisdiction over the case.  Accordingly, this action is remanded back to the Los Angeles Superior Court.  The Motion is GRANTED.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |